UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 22-cr-20020
    Hon. Linda V. Parker

LABRELL RAY JONES,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE OPPOSING
DEFENDANT'S MOTION TO DISMISS ARMED CAREER
CRIMINAL ACT ENHANCEMENT**

    The United States of America, represented by its attorneys Dawn N. Ison, United States Attorney, and Paul A. Kuebler, Assistant United States Attorney, submits the following in response to Jones's motion to dismiss the Armed Career Criminal Act (ACCA) enhancement.

Based on arguments in the accompanying brief, the government asks the Court to deny Jones's motion to dismiss the ACCA enhancement.

                                  Respectfully submitted,

                                  DAWN N. ISON
                                  United States Attorney

                                  *s/Paul A. Kuebler*
                                  Assistant United States Attorney
                                  211 West Fort Street, Suite 2001
                                  Detroit, Michigan 48226
                                  (313) 226-9641
                                  paul.kuebler@usdoj.gov
Dated: September 23, 2022          NY 4268561

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 22-cr-20020
    Hon. Linda V. Parker

LABRELL RAY JONES,

    Defendant.
_____/

# BRIEF IN SUPPORT OF GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS ARMED CAREER CRIMINAL ACT ENHANCEMENT

**Issue presented:**

Is Michigan Second Degree Home Invasion, MCL 750.110a(3), a violent felony under the Armed Career Criminal Act (ACCA)?

The government responds: **Yes**.

**Principal authorities:** *United States v. Quarles*, 139 S. Ct. 1872 (2019); *Malone v. United States*, 791 F. App'x 543 (6th Cir. 2019); *United States v. Vega*, 960 F.3d 669 (5th Cir. 2020); *United States v. Paulk*, 46 F.4th 399 (6th Cir. 2022).

## Statement of Facts

On January 12, 2022, the Grand Jury charged Jones in an Indictment for Felon in Possession of a Firearm as an Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). ECF No. 13. On July 28, 2022, the Court ordered a Pre-Plea Investigation. On September 16, 2022, Jones filed a Motion to Dismiss the Armed Career Criminal Enhancement. ECF No. 21. On September 22, 2022, Probation issued a Pre-Plea Investigation stating that "the defendant meets the criteria to be classified as an Armed Career Criminal and subject to the provisions of 18 U.S.C. § 924(e)[.]" ECF No. 23, PageID.100.

## Argument

Pursuant to 18 U.S.C. § 924(e)(2)(B), a "violent felony," for purposes of the ACCA, is a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

Jones argues that MCL 750.110a(3): (1) is not an ACCA predicate because assault is not an element; and (2) does not "substantially correspond" to burglary. The government argues that Jones's first argument is irrelevant because MCL 750.110a(3) *does* "substantially correspond" to burglary, which is one of the specifically enumerated offenses listed in 18 U.S.C. § 924(e)(2)(B)(ii).

In *United States v. Quarles*, 139 S. Ct. 1872, 1880 (2019), the Supreme Court held that Michigan Third Degree Home Invasion qualified as a violent felony under the ACCA because it "substantially corresponds" to (or is narrower than) generic burglary. Because the difference between Michigan Third Degree Home Invasion (in *Quarles*) and Michigan Second Degree Home Invasion (in the instant case) is essentially whether (while entering, being inside, or exiting a home) the offensive act committed or intended is a "misdemeanor" (in the former) or "felony, larceny, or assault" (in the latter), *Quarles* supports that Michigan Second Degree Home Invasion also qualifies as a violent

3

felony under the ACCA. *Compare* MCL 750.110a(3), *with* MCL 750.110a(4). Notably, one of the elements of generic burglary – committing or having the intent to commit a crime (while entering, being inside, or exiting a home) – is satisfied with a "misdemeanor" or a "felony, larceny, or assault." In other words, Michigan Second and Third Degree Home Invasion are each a subset of generic burglary.

Indeed, in *Malone v. United States*, 791 F. App'x 543, 546 (6th Cir. 2019), an unpublished opinion, the Sixth Circuit held that Michigan Second Degree Home Invasion falls within the dimensions of generic burglary and therefore qualifies as a violent felony under the ACCA. Similarly, the Fifth Circuit, stated that Michigan Second Degree Home Invasion falls within the dimensions of generic burglary. *See United States v. Vega*, 960 F.3d 669, 676 (5th Cir. 2020) (citing *Quarles* and describing Michigan Second and Third Degree Home Invasion as "nearly identical offense[s]"). Finally, the Sixth Circuit (similar to the Supreme Court in *Quarles*) recently affirmed that Michigan Third Degree Home Invasion falls within the dimensions of generic burglary (and rejected Paulk's argument that the statute is broader than generic

4

burglary because it purportedly may encompass situations where there is no intent to commit a crime). *United States v. Paulk*, 46 F.4th 399, 404 (6th Cir. 2022).

Despite this case law precedent, Jones advances a nuanced argument that the government respectfully submits is without merit. MCL 750.110a(3) (emphasis added) states:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or ***exiting*** the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

The statute uses the words "while he or she is . . . ***exiting***" not the words "after he has ***exited***." Jones's argument is based on the latter words, not the former. The former are the actual words in the statute. The latter are not words in the statute and if actually contained in the statute would create an unusual crime; for instance, it would criminalize the following: a defendant rummages through a house, then exits the house, and minutes (or months) later tells someone that he should have stolen an expensive television that he saw while he was

5

inside the house. Jones has pointed to no cases where MCL 750.110a(3) was applied as he describes it (and likely is unable to do so because his description is inaccurate).

## Conclusion

The government asks the Court to deny Jones's motion to dismiss the Armed Career Criminal Act enhancement.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov

Dated: September 23, 2022              NY 4268561

6

## **Certification of Service**

I hereby certify that on September 23, 2022, I electronically filed the foregoing using the ECF system, which will send notification of such filing to all ECF participants.

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
NY 4268561