UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 22-20020
        Honorable Linda V. Parker

LABRELL RAY JONES,

        Defendant.
_____/

**<ins>OPINION & ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE ARMED CAREER CRIMINAL ENHANCEMENT (ECF NO. 21)</ins>**

Defendant Labrell Ray Jones ("Defendant") has been charged with one count of Felon in Possession of a Firearm – Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1).  (ECF No. 13 at Pg ID 31.)  Presently before the Court is Defendant's Motion to Dismiss the Armed Career Criminal Enhancement pursuant to 18 U.S.C. § 924(e)(1), commonly known as the Armed Career Criminal Act ("ACCA").  (ECF No. 21.)  The Government has filed a response. (ECF No. 24.)  For the reasons stated hereafter, the Court denies Defendant's Motion to Dismiss the Armed Career Criminal Enhancement.

## BACKGROUND

Briefly, Section 924(e) of Title 18, or the ACCA, mandates a minimum 15-year prison sentence for a felon who unlawfully possesses a firearm and has three

prior convictions for a "serious drug offense" or "violent felony." On September 22, 2022, the Probation Department issued a Pre-Plea Investigation which states that "[D]efendant meets the criteria to be classified as an Armed Career Criminal and [is therefore] subject to the statutory provisions in 18 U.S.C. § 924(e)." (ECF No. 23 at Pg ID 100.)

Defendant does not dispute that two of his prior convictions qualify as "serious drug offenses" for the purposes of the ACCA.[1] (ECF No. 21 at Pg ID 63.) However, Defendant does dispute whether his prior conviction of Home Invasion in the Second Degree pursuant to MCL 750.110(a)(3) qualifies as a "violent felony" for the purposes of the ACCA. (*Id.* at Pg ID 64.) Defendant makes two arguments in support of this assertion:

1. Assault is not a necessary element of the crime of Second-Degree Home Invasion and therefore, it cannot constitute a "violent felony" for the purposes of the ACCA under Section 924(e)(2)(b)(i) (*Id.* at Pg ID 76); and

---

[1] On January 21, 2011, Defendant plead guilty to Controlled Substance – Delivery/Manufacture pursuant to MCL 333.74012B1 in the Third Judicial Circuit Court of the State of Michigan. (ECF No. 21 at Pg ID 63.) On March 25, 2011, Defendant plead guilty to Distribution of a Controlled Substance, pursuant to 21 U.S.C. § 841(a) in the United States District Court for the Eastern District of Michigan, Southern Division. *Id.*

2. The Michigan Second-Degree Home Invasion statute is broader than "burglary" as defined by the ACCA, and therefore, it cannot constitute a "violent felony" for the purposes of the ACCA under Section 924(e)(2)(b)(ii) (*Id*. at Pg ID 78).

## APPLICABLE LAW

Section 924(e) of Title 18, or the ACCA defines "violent felony" as:

> Any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Importantly, the Supreme Court in *Taylor v. United States* defined burglary for the purposes of the ACCA as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. 575, 599, 110 S. Ct. 2143, 2158, 109 L. Ed. 2d 607 (1990).

Second-Degree Home Invasion is defined under Michigan law as committed by one who "breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, [or] who enters a dwelling without permission with

intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault." MCL 750.110(a)(3).

Importantly, the Sixth Circuit has already determined that Second-Degree Home Invasion under Michigan law qualifies as burglary as defined by the ACCA. *Malone v. United States*, 791 F. App'x 543 (6th Cir. 2019); *see also United States v. Gibbs*, 626 F.3d 344 (6th Cir. 2010). Nevertheless, Defendant maintains that Second-Degree Home Invasion is outside the purview of the ACCA for the two above stated reasons. The Court will address both in turn.

## ANALYSIS

### I.     Objection I

Defendant's first argument aims to disqualify the Government's potential reliance on Section 924(e)(2)(B)(i) of the ACCA as justification for sentence enhancement. (ECF No. 21 at Pg ID 76.) In response, the Government asserts Defendant's argument as it pertains to Section 924(e)(2)(B)(i) is "irrelevant" because Section 924(e)(2)(B)(ii) is applicable in this case. (ECF No. 24 at Pg ID 118.) The Court agrees with the Government that the issue of sentence enhancement is both addressed and resolved under Section 924(e)(2)(B)(ii), and as such, will only address Defendant's objection under Section 924(e)(2)(B)(ii).

## II. Objection II

Defendant asserts that the Government is precluded from subjecting Defendant to the statutory provisions of the ACCA under Section 924(e)(2)(b)(ii) because the inclusion of "exiting the dwelling" in Michigan's Second-Degree Home Invasion statute makes it broader than the generic definition of burglary. (ECF No. 21 at Pg ID 77.) In support, Defendant points to the "remaining-in" language in *Taylor* and states that "…if [Defendant] formed the intent when he exited the building or structure, it is not burglary." (ECF No. 21 at Pg ID 77.)

The Supreme Court held in *Quarles* that,

> When deciding whether a state law is broader than generic burglary, the state law's 'exact definition or label' does not control. So long as the state law in question 'substantially corresponds' to (or is narrower than) generic burglary, the conviction qualifies.

*Quarles v. United States*, 204 L. Ed. 2d 200, 139 S. Ct. 1872 (2019) (internal citations omitted.)

Defendant's argument fails for two reasons. First, as the Government correctly points out, Defendant's argument relies on the use of the word "exited" rather than "exiting," which is the term actually used in the Michigan statute. (ECF No. 24 at Pg ID 120.) The Government thereafter states that "…the [former] are not words in the statute, and if actually contained in the statute, would create an unusual crime; for instance, it would criminalize the following: a

defendant rummages through a house, then exits the house, and minutes (or months) later tells someone that he should have stolen an expensive television that he saw while he was inside the house." *Id*. This surely could not have been Congress' intent.

Second, as previously mentioned, the Sixth Circuit has already established that Second-Degree Home Invasion "substantially corresponds to" or "is narrower than" the generic definition of burglary. Moreover, the Supreme Court in *Quarles* found that Third-Degree Home Invasion under Michigan law qualifies as a violent felony for the purposes of the ACCA. *Quarles v. United States*, 204 L. Ed. 2d 200, 139 S. Ct. 1872 (2019). Notably, the only material difference between Second-Degree Home Invasion and Third-Degree Home Invasion is whether the offensive act committed was a "felony, larceny, assault" or "misdemeanor." Per the Supreme Court's definition of burglary in *Taylor*, the relevant inquiry is not *what* crime was actually intended or committed while unlawfully present in the building or structure, but whether *a* crime was intended or committed. As such, *Quarles* and *Taylor* support a finding that Defendant's conviction of Second-Degree Home Invasion constitutes a "violent felony" for the purposes of the ACCA.

While the issue of whether Michigan's Second-Degree Home Invasion statute sweeps more broadly than generic burglary because of the use of the phrase "*exiting* the dwelling" is novel, that issue is not before this Court.

As such, remaining in line with the Sixth Circuit's previous decisions, Michigan's Second-Degree Home Invasion statute constitutes burglary for the purposes of the ACCA.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss the Armed Career Criminal Enhancement.  (ECF No. 21.)

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 17, 2022